United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Adorno F. Piccinini,　　　　　　　　　　　　　　　　Case No. 08-57865-R
　　　　　　Debtor.　　　　　　　　　　　　　　　　Chapter 7
_____/

**Opinion and Order Granting Stay**

I.

The debtor filed for chapter 7 relief on July 24, 2008. He was represented by Edward J. Gudeman of Weik and Assoc., P.C. On December 2, 2010, the debtor filed a motion to remove Gudeman as his attorney. The motion was granted by order dated January 31, 2011.

On March 22, 2011, the debtor, through his new attorney, Jay Kalish, filed a motion, pursuant to § 329 and Rule 2017, for a determination of the propriety of his fee agreement with Gudeman and for disgorgement of fees. The debtor also filed a motion seeking to remove a state court action that Gudeman had filed against the debtor for collection of fees for the bankruptcy case.

The Court conducted a hearing on the motions on April 11, 2011. The Court denied the debtor's motion for removal as untimely and requested briefs from the parties on the issue of whether the Court's jurisdiction under § 329 is exclusive.

II.

Federal district courts, and their bankruptcy courts by delegation, have exclusive jurisdiction "of all cases under title 11." 28 U.S.C. § 1334(a). Pursuant to § 1334(e), the district courts also have exclusive jurisdiction over property of the debtor, property of the estate, and all claims and causes of action relating to § 327. In all other cases "arising under title 11, or arising in or related

to cases under title 11," the district courts "shall have original but not exclusive jurisdiction[.]" 28 U.S.C. § 1334(b).

An exception to the general rule of concurrent jurisdiction is found in § 523(c)(1), which grants bankruptcy courts exclusive jurisdiction to determine the dischargeability of debts described in § 523(a)(2), (4) and (6) of the Code. *See* 11 U.S.C. § 523(c); *Dollar Corp. v. Zebedee (In re Dollar Corp.*), 25 F.3d 1320, 1325 (6th Cir. 1994) ("Congress intended 'to take the determinations governed by 11 U.S.C. § 523(c) away from state courts and grant exclusive jurisdiction in the bankruptcy courts.'") (quoting *Spilman v. Harley*, 656 F.2d 224, 226 (6th Cir.1981)).

"[T]he operative language 'unless the *court* determines such debt to be excepted from discharge,' which was carried forward from a 1970 amendment to the prior Bankruptcy Act, is understood to deprive nonbankruptcy courts of jurisdiction." *Moncur v. Agricredit Acceptance Co. (In re Moncur*), 328 B.R. 183, 189 (B.A.P. 9th Cir. 2005).

Likewise, § 329 contains the same restrictive language. That section provides, in pertinent part, that an attorney representing a debtor must file with the court a statement of compensation paid or agreed to be paid and that "if such compensation exceeds the reasonable value of any such services, *the court* may cancel any such agreement, or order the return of any such payment, to the extent excessive[.]" 11 U.S.C. § 329(b) (emphasis added).

Section 329 "was enacted because 'payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny.'" *In re Campbell*, 259 B.R. 615, 625 (Bankr. N.D. Ohio 2001) (quoting H.R .Rep. No. 95–595, at 329 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6285). It enables courts to carefully scrutinize compensation paid to

2

debtors' attorneys, providing protection to debtors and creditors and preventing overreaching by attorneys. *Jensen v. United States Trustee* (*In re Smitty's Truck Stop, Inc.*), 210 B.R. 844, 848 (B.A.P. 10th Cir. 1997). *See also In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 844 (3rd Cir. 1994) ("Disagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors.").

The court in *In re Williams*, 2003 WL 22722841 (Bankr. D. Vt. 2003), explained:

> Ensuring that the relationship between a debtor and his or her attorney is fair is one of the primary duties the bankruptcy courts must perform in their capacity as guardians of the integrity of the bankruptcy system. Clients seeking bankruptcy advice are frequently in particularly vulnerable situations, where they have both a desperate need for immediate financial relief and very little understanding of the complexities of bankruptcy law. Therefore, court review of transactions between debtors and their attorneys require sensitivity to these vulnerability factors, acknowledgment of the very different bargaining position of each party in the professional relationship, and a heightened level of scrutiny.

*Id.* at *3.

Given the plain language of § 329 and the important role of the bankruptcy court in monitoring the relationship between debtors and professionals, the Court concludes that it is within the sole province of the bankruptcy court to determine the propriety of a debtor's fee agreement with his or her attorney.

Further support for this conclusion is found in *Elias v. United States Trustee* (*In re Elias*), 188 F.3d 1160, 1165 (9th Cir. 1999), wherein the court explained:

> [B]ankruptcy courts have recognized that fee issues, and control of the parties and their representatives, can be central to the proper conduct of bankruptcy proceedings. We expressed a similar view in a different context when we pointed out that regulation of the

3

> activities of parties before the bankruptcy court should be in the hands of that court alone. *See MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 915* (9th Cir.1996). Bankruptcy courts surely have the most expertise and interest in controlling their own proceedings and in regulating the behavior of professionals who seek to appear before them or work on cases under their tutelage. It is those courts that help prevent distressed debtors, and their creditors, from becoming cheerless carrion for voracious vultures, who would pick the estate clean. In my opinion, there is a need for exclusivity and I would require it . . . .

*Id.* at 1165. *See also In re Williams*, 2003 WL 22722841, *2 (Bankr. D. Vt. 2003) ("Bankruptcy courts, through the United States district courts, have exclusive jurisdiction over the matter of attorney's fees in a bankruptcy proceeding." citing *Edgewater Sun Spot, Inc. v. Pennington & Haben P.A.* (*In re Edgewater Sun Spot, Inc*.), 183 B.R. 938, 943 (N.D. Fla.1995), *aff'd*, 84 F.3d 438 (11th Cir.1996)).

Accordingly, the Court concludes that it has exclusive jurisdiction over the debtor's claim under 11 U.S.C. § 329, and that therefore the state court matter of Gudeman & Associates, P.C. vs. Adorno F. Piccinini, Oakland County Circuit Court Case No. 2010-110550-CK, shall be stayed pending this Court's resolution of that claim.

For Publication

**Signed on April 22, 2011**

                                                  **/s/ Steven Rhodes**
                                                  **Steven Rhodes**
                                                  **United States Bankruptcy Judge**